**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| SMITHFIELD FOODS, INC., a )<br>Virginia Corporation, for itself and in its )<br>capacity as Plan Sponsor, Administrator )<br>and Fiduciary of the Smithfield Foods )<br>Health Care Program, and SMITHFIELD )<br>FOODS HEALTH CARE PROGRAM, )<br>)<br>           Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONAL MEDICAL HEALTH )<br>CARD SYSTEMS, INC., a )<br>Delaware corporation, )<br>)<br>           Defendant. )<br>_____) | Case No. 3:07-cv-00625 |

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO ENLARGE THE
TIME FOR DISCOVERY, OR IN THE ALTERNATIVE, TO SHORTEN
DEFENDANT'S TIME TO RESPOND TO DISCOVERY**

**COME NOW** Plaintiffs Smithfield Foods, Inc. ("Smithfield") and Smithfield Foods Health Care Program ("the Plan") (collectively "Plaintiffs"), by counsel, and pursuant to Local Civil Rule 7, file this brief in support of their motion to enlarge time for discovery by one (1) day from May 27, 2008, to May 28, 2008, or, in the alternative, to shorten Defendant's time to respond to discovery from thirty (30) to twenty-nine (29) days.

**I.    RELEVANT BACKGROUND**

On December 20, 2007, this Court entered its Pretrial Order setting the discovery deadline in this action for May 27, 2008. The parties have diligently pursued discovery in this case. On Friday, April 25, 2008, the Defendant served via hand delivery its Fourth

Set of Requests for the Production of Documents, Third Set of Interrogatories, and Second Set of Requests for Admission on the Plaintiffs. Plaintiffs believed, possibly mistakenly, that all written discovery needed to be served on or by April 28, 2008. On April 28, 2008, Plaintiffs' Counsel Collin Hite was in New York attending and preparing for the depositions of Ken Hammond and Anthony Kateridge. During Mr. Hammond's and Mr. Kateridge's depositions, Mr. Hite learned of information that formed the basis, in part, for the discovery ultimately served the same day. Mr. Hite relayed this information via electronic mail to other Plaintiffs' Counsel of record during the depositions for incorporation into the discovery requests. On April 28, 2008, Plaintiffs served the following on Defendant's local counsel: Plaintiffs' Sixth Request for Production of Documents, Plaintiffs' Third Set of Interrogatories, and Plaintiffs' Third Set of Requests for Admission.[1] While some of the discovery would have been served even without learning the new information, it is clear that Plaintiffs, in light of the deposition testimony, would needed to have requested an extension in light of this additional information.

Plaintiffs' Counsel attempted to confer with Defendant's Counsel in order to obtain an agreement for a one-day extension of the May 27th deadline to allow Defendant thirty (30) days to respond to Plaintiffs' requests as granted by Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3) and to prevent a technical objection to untimely discovery. However, Defendant refuses to stipulate to this one-day extension of time.

---

[1] The discovery at issue is attached hereto as Exhibits A, B and C, respectively.

## II. ARGUMENT

### a. The Court should permit a one-day extension of the current discovery deadline, allowing Defendant thirty days to respond to Plaintiffs' requests.

Federal Rule of Civil Procedure 6(b) governs a party's request for a court to extend a deadline. The rule provides that a court may grant an extension "for good cause" if the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). See also United States ex rel. Shaw Envtl., Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 529 (E.D. Va. 2005) ("Under Rule 6(b)(1), a court may for cause shown increase the time period for some act to be done, if a request is made before the expiration of the original time period." (quotations omitted)). A decision to extend time rests within a court's discretion. Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2007). In most cases, however, "an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Id. See also Banks v. Office of the Senate Sergeant-at-Arms, 222 F.R.D. 7, 17 (D.D.C. 2004) (extending the time for discovery due to party's requests for admission that had "barely missed the deadline."); 1 James Wm. Moore et al., Moore's Federal Practice ¶ 6.06[2] (3d ed. 1997) ("When a party requests an extension before the time period has expired, the district court will be liberal in granting the request.").

In this case, an enlargement of time is warranted. While some of the written discovery was in progress based on the belief that April 28, 2008, was the deadline, Mr. Hite did not learn of certain facts that necessitated a portion of the discovery at issue

3

until the depositions of April 28th.[2] This information was promptly transmitted by Mr. Hite to other Plaintiffs' Counsel of record for inclusion in the discovery requests, even as the depositions were still taking place. The requests were served on Defendant the same day. Such circumstances indicate good-faith conduct by Plaintiffs, sufficient to constitute "good cause" for the Court to enlarge the discovery deadline by one day in order to obtain relevant information directly related to the Defendant's affirmative defenses and Plaintiffs' Count IX of the Second Amended Complaint, as well as, appropriate pricing methodologies under terms of the contracts at issue.

Furthermore, a one-day extension will neither prejudice the Defendant nor delay judicial resolution of this case. On April 28, 2008, Plaintiffs requested Defendant to produce documents, respond to interrogatories, and admit certain facts. Although Plaintiffs propounded 243 Requests for Admission, the vast majority of these requests merely relate to the authentication of documents to be admitted at trial.[3] Such admissions will serve to fast-track the presentation of evidence and obviate the need to subpoena and

---

[2] At the deposition of Kenneth Hammond, former Vice President of Operations for the Defendant during the time Smithfield Foods was a customer, Mr. Hammond testified that the Defendant had certain reports that it could generate to demonstrate an "effective average rate" for pricing. This is the first time any witness connected to the Defendant has testified that such reporting capability existed. In addition, the Defendant has placed a great deal of importance to escape liability on the fact that there is a "settlement agreement" that it asserts cuts off all liability. Plaintiffs deposed Anthony Kateridge on April 28th, the person that negotiated the agreement. For the first time, Plaintiffs learned of a Queue Report that existed regarding this very issue. The previous submitted list of Queue Reports, previously raised by Plaintiffs in a motion to compel, where the Plaintiffs were ordered to inspect the reports in New York, did not contain this particular Queue Report as a listed item – even though the settlement is one of the cornerstones of the Defendant's defense in this action. Even more interesting, in the Defendant's last supplementation of documents, a "notes log" for Mr. Kateridge was produced wherein he cut and pasted notes from the Queue Report that Plaintiffs now seek in the recent discovery. However, the Defendant did not produce the actual Queue Report. During the deposition, Mr. Kateridge explained the interplay between the two documents and that he was pulling certain information from the Queue Report to insert into his notes log. These documents are clearly relevant, and April 28th was the first time Plaintiffs learned about their existence and/or relevance.

[3] The Plaintiffs are attempting in these requests to avoid the need to bring records custodians to trial to authenticate the documents to be admitted into evidence. The majority of the requests merely ask foundation questions that would be posed to the records custodians at trial. Certainly any effort to streamline the presentation of evidence at trial benefits the parties and the Court.

examine witnesses whose only purpose would be to offer custodial testimony. Plaintiffs' Requests for Production consist of seven requests – four of these relate to the background and testimony of Defendant's experts, one pertains to documents that serve to support any refusals to admit, and two concern materials of which Plaintiffs were unaware until the depositions of April 28th. Finally, Plaintiffs served a single Interrogatory on Defendant, requesting the factual basis for any of Defendant's refusals to admit.

Each of these discovery requests is wholly reasonable in substance and scope. Nonetheless, Defendant has refused to stipulate to an extension of the discovery deadline by a mere day. Defendant cannot maintain that it will prejudiced by a one-day extension of the discovery deadline, as no other deadlines set by the Court will be compromised by the extension, including the trial date, and the responses will be due approximately four weeks before trial. Furthermore, a one-day enlargement will permit Defendant the full 30 days allowed to respond to these customary discovery requests.

> **b.    In the alternative, the Court should shorten Defendant's time to respond to Plaintiffs' discovery requests from twenty-nine to thirty days, by virtue of the current discovery deadline.**

Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3) permit a court to shorten the time a party has to respond to interrogatories, requests for production, and requests for admission. 7 James Wm. Moore et al., Moore's Federal Practice ¶¶ 33.123, 34.13[1], and 36.03[1] (3d ed. 1997). See also 8A Wright & Miller, § 2257 (discussing Rule 36(a)(3)). Because of the routine nature of Plaintiffs' discovery requests, Defendant would not be prejudiced by a one-day shortening of the timeframe in which to respond. This approach would also preserve the discovery deadline set by the Court and preclude any concerns as to other delays that may result.

### III.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully move this Court to enlarge the deadline for discovery by one day under Rule 6(b)(1)(A) for good cause shown, or, in the alternative, to shorten by one day the Defendant's time to respond to Plaintiffs' discovery requests under Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3).

        Respectfully Submitted,

        SMITHFIELD FOODS, INC. and
        SMITHFIELD FOODS HEALTH CARE PROGRAM

        By Counsel

      /s/
Collin J. Hite, Esquire, VSB #38869
chite@mcguirewood.com
Attorney for Smithfield Foods, Inc. and Smithfield Foods Health Care Program
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone:  (804) 775-7791
Fax:  (804) 225-5405

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan G. Rose, Esquire
Sheppard Mullin Richter & Hampton
1300 I Street, N.W., Suite 1100 East
Washington, D.C. 20005-3314

Paul W. Jacobs, II, Esquire
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

and will also send the document via hand-delivery to the following:

Paul W. Jacobs, II, Esquire
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

and will also send the document by U.S. mail to the following:

Emily N. Seymour, Esquire
Sheppard Mullin Richter & Hampton
1300 I Street, N.W., Suite 1100 East
Washington, D.C. 20005-3314

                                              /s/
                               Collin J. Hite, Esquire, VSB #38869
                               chite@mcguirewoods.com
                               Attorney for Smithfield Foods, Inc. and
                                Smithfield Foods Health Care Program
                               McGuireWoods LLP
                               One James Center
                               901 East Cary Street
                               Richmond, Virginia 23219-4030
                               Phone: (804) 775-7791
                               Fax: (804) 225-5405